Electronically filed on April 29, 2009

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**PETER H. BEER,**
**U.W. CLEMON,**
**TERRY J. HATTER, JR.,**
**THOMAS F. HOGAN,**
**RICHARD A. PAEZ,**
**JAMES ROBERTSON,**
**LAURENCE H. SILBERMAN,** and
**A. WALLACE TASHIMA**,

     *Plaintiffs,*

 **v.**

**UNITED STATES OF AMERICA**,

     *Defendant,*

**No. 09-37C**
The Hon. Robert H. Hodges, Jr.

_____

## RESPONSE TO MOTION TO DISMISS
_____

Christopher Landau, P.C.
 *Attorney of Record*
Patrick F. Philbin
Angela M. Butcher
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW, Suite 1200
Washington, DC  20005
(202) 879-5000 (phone)
(202) 879-5200 (fax)
*clandau@kirkland.com*
*pphilbin@kirkland.com*
*abutcher@kirkland.com*

*Attorneys for Plaintiffs*

April 29, 2009

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................1

ARGUMENT ..............................................................................................................4

I.     Plaintiffs' Claims Are Not Barred By *Res Judicata*. ..........................................4

II.    Plaintiffs' Claims Are Not Barred By The Statute Of Limitations...................10

III.   Plaintiffs' Claims Are Not Barred By Section 140..........................................11

IV.   Plaintiffs' Request For Declaratory Relief Is Not Beyond This Court's
       Jurisdiction..........................................................................................................12

CONCLUSION..........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allison v. Citgo Petroleum Corp.*,
  151 F.3d 402 (5th Cir. 1998) ........................................................................ 7, 8

*Bogard v. Cook*,
  586 F.2d 399 (5th Cir. 1978) ......................................................................... 9

*Brown v. Ticor Title Ins. Co.*,
  982 F.2d 386 (9th Cir. 1992),
  *cert. dismissed*, 511 U.S. 517 (1994) ............................................................. 9

*Coleman v. GMAC*,
  296 F.3d 443 (6th Cir. 2002) ........................................................................ 7, 8

*Collins v. E.I. DuPont de Nemours & Co.*,
  34 F.3d 172 (3d Cir. 1994) ............................................................................ 6, 9

*Drake v. FAA*,
  291 F.3d 59 (D.C. Cir. 2002) ......................................................................... 5

*Gonzales v. Cassidy*,
  474 F.2d 67 (5th Cir. 1973) ........................................................................... 6, 9

*Hansberry v. Lee*,
  311 U.S. 32 (1940) ......................................................................................... 6, 9

*In re Arthur Treacher's Franchisee Litig.*,
  689 F.2d 1137 (3d Cir. 1982); ....................................................................... 8

*International Air Response v. United States*,
  324 F.3d 1376 (Fed. Cir. 2003) ..................................................................... 5

*Jaffee v. United States*,
  592 F.2d 712 (3d Cir. 1979) ........................................................................... 8

*Johnson v. General Motors Corp.*,
  598 F.2d 432 (5th Cir. 1979) ......................................................................... 9

*Lemon v. International Union of Operating Eng'rs, Local No. 139*,
  216 F.3d 577 (7th Cir. 2000) ......................................................................... 7, 8

*Martin v. Wilks*,
  490 U.S. 762 (1989) ....................................................................................... 6

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)............................................................................... 9

*Murray v. Auslander*,
  244 F.3d 807 (11th Cir. 2001) ....................................................... 7, 8

*National Air Traffic Controllers Ass'n v. United States*,
  160 F.3d 714 (Fed. Cir. 1998)............................................................ 12

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999)......................................................................... 6, 7

*Page v. United States*,
  729 F.2d 818 (D.C. Cir. 1984) ............................................................ 5

*Pate v. United States*,
  328 F. Supp. 2d 62 (D.D.C. 2004) ...................................................... 9

*Pelt v. Utah*,
  539 F.3d 1271 (10th Cir. 2008) ................................................ 6, 9, 10

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985)............................................................................. 9

*Richards v. Jefferson County, Ala.*,
  517 U.S. 793 (1996)......................................................................... 6, 9

*Schlosser v. Commonwealth Edison Co.*,
  250 F.2d 478 (7th Cir. 1958) .............................................................. 8

*Sims v. Stuart*,
  291 F. 707 (S.D.N.Y. 1922)................................................................ 8

*Smith v. Potter*,
  513 F.3d 781 (7th Cir. 2008) .............................................................. 5

*Sosna v. Iowa*,
  419 U.S. 393 (1975)............................................................................. 6

*Stephenson v. Dow Chem. Co.*,
  273 F.3d 249 (2d Cir. 2001),
  *aff'd in part, vacated in part on other grounds*,
  539 U.S. 111 (2003)......................................................................... 6, 9

*Taylor v. Sturgell*,
  128 S. Ct. 2161 (2008)............................................................. 5, 6, 10

*Ticor Title Ins. Co. v. Brown*,
    511 U.S. 117 (1994).................................................................... 7

*Twigg v. Sears, Roebuck & Co.*,
    153 F.3d 1222 (11th Cir. 1998) ................................................ 9

*United States v. King*,
    395 U.S. 1 (1969)...................................................................... 12

*Williams v. United States*,
    240 F.3d 1019 (Fed. Cir. 2001),
    *reh'g en banc denied*, 264 F.3d 1089 (Fed. Cir. 2001)
    *cert. denied*, 535 U.S. 911 (2002)............................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

*Williams v. United States*,
    264 F.3d 1089 (Fed. Cir. 2001)............................................ 2, 3

*Williams v. United States*,
    48 F. Supp. 2d 52 (D.D.C. 1999),
    *rev'd*, 240 F.3d 1019 (Fed. Cir. 2001),
    *reh'g en banc denied*, 264 F.3d 1089 (Fed. Cir. 2001),
    *cert. denied*, 535 U.S. 911 (2002) ...................................... 2, 5

*Williams v. United States*,
    535 U.S. 911 (2002)................................................................. 3

**Constitution, Statutes, and Rules**

28 U.S.C. § 1346.................................................................................. 2

28 U.S.C. § 461.................................................................................... 4

Fed. R. Civ. P. 23................................................................................ 7

Fed. R. Civ. P. 23(b)(2).................................................................. 2, 6, 7

Fed. R. Civ. P. 23(c)(3)........................................................................ 6

Pub. L. 101-194, 103 Stat. 1716 (1989)............................................... 1

Pub. L. No. 107-77, § 625, 115 Stat. 748, 803 (Nov. 21, 2001)............. 4

Pub. L. No. 97-92, § 140, 95 Stat. 1183, 1200 (1982)............... 1, 3, 4, 11, 12

U.S. Const. Art. III § 1......................................................................... 1

## INTRODUCTION

The complaint in this case freely concedes that the Federal Circuit's decision in *Williams v. United States*, 240 F.3d 1019 (Fed. Cir. 2001), forecloses this Court's ability to grant plaintiffs the relief they seek, and that the goal of this litigation is to overturn that precedent in either the Federal Circuit or the Supreme Court. Plaintiffs recognize full well that this Court is bound by *Williams* and thus, while expressly reserving their right to challenge *Williams* in future appellate proceedings, do not oppose dismissal of the complaint on the basis of the *Williams* precedent.

Plaintiffs do, however, oppose the Government's efforts to obtain dismissal of this case on any ground other than the *Williams* precedent. As explained below, none of the four grounds advanced by the Government in its motion to dismiss—(1) *res judicata*, (2) statute of limitations, (3) the effect of Section 140 of Pub. L. 97-92, as amended in November 2001, and (4) statutory limitations on this Court's remedial authority—warrants dismissal of this action. Accordingly, this Court should not dismiss on any of those grounds, but instead on the basic ground that it cannot grant the relief requested here in light of the *Williams* precedent.

## BACKGROUND

Plaintiffs are current or former federal judges appointed pursuant to Article III of the Constitution. They are bringing this lawsuit for money damages and ancillary declaratory relief to vindicate the constitutional command that their "Compensation ... shall not be diminished during their Continuance in Office." U.S. Const. Art. III § 1. In particular, the complaint alleges that (in exchange for imposing draconian restrictions on their ability to earn outside income) Congress promised the judges virtually automatic cost-of-living salary adjustments in the Ethics Reform Act of 1989, Pub. L. 101-194, 103 Stat. 1716 (1989), and that Congress cannot subsequently refuse to honor that promise consistent with the Compensation Clause.

The complaint acknowledges that a divided panel of the Federal Circuit held in *Williams* that the promise of a future salary adjustment, no matter how explicit and unequivocal, does not implicate the Compensation Clause. *See* Compl. Intro., ¶¶ 18-20. The *Williams* case was brought in federal district court under the so-called "Little Tucker Act," 28 U.S.C. § 1346, as a putative non-opt-out class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. *See Williams* Compl. (12/29/97) (Tab A). The *Williams* plaintiffs broke down their claims for money damages by fiscal year (which kept each claim below the $10,000 jurisdictional maximum), and proposed classes defined by reference to each of their claims. *See id.* The *Williams* plaintiffs moved for class certification, *see* Mot. for Class Determination (3/31/98) (Tab B), and the Government did not oppose the motion. Not surprisingly, therefore, the district court proceeded to certify the three classes proposed by plaintiffs, *i.e.*:

> <u>As to Count I</u>: All persons who served as Judges of the United States pursuant to Article III of the Constitution of the United States at any time during the period January 1 through December 31, 1995.

> <u>As to Count II</u>: All persons who served as Judges of the United States pursuant to Article III of the Constitution of the United States at any time during the period January 1 through December 31, 1996.

> <u>As to Count III</u>: All persons who served as Judges of the United States pursuant to Article III of the Constitution of the United States at any time during the period January 1 through December 31, 1997.

*Williams* Class Cert. Order (8/20/98) (Tab C). Because the district court certified these putative classes under Rule 23(b)(2), the absent class members were afforded neither an opportunity to opt out of the action nor even notice of the action. *See Williams* District Court Docket (Tab D).

As noted in the complaint, *see* Compl. ¶¶ 17-18, the district court in *Williams* ruled in favor of the class, 48 F. Supp. 2d 52 (D.D.C. 1999), but a divided panel of the Federal Circuit reversed, *see* 240 F.3d 1019. Three judges of the Federal Circuit dissented from the denial of rehearing *en banc*, *see* 264 F.3d 1089 (Mayer, C.J., joined by Newman and Rader, JJ.); *id.* at

1093 (Newman, J., joined by Mayer, C.J. and Rader, J.), and three Justices of the Supreme Court dissented from the subsequent denial of *certiorari*, *see* 535 U.S. 911 (2002) (Breyer, J., joined by Scalia and Kennedy, JJ.).

Although the divided Federal Circuit panel in *Williams* ruled in the Government's favor, it specifically rejected the Government's argument that the plaintiff judges' constitutional claims failed by virtue of a provision in a Joint Resolution for continuing appropriations in fiscal year 1982.  *See Williams*, 240 F.3d at 1026.  That provision, commonly known as Section 140, provided as follows:

> Notwithstanding any other provision of law or of this joint resolution, none of the funds appropriated by this joint resolution or by any other Act shall be obligated or expended to increase, after the date of enactment of this joint resolution, any salary of any Federal judge or Justice of the Supreme Court, except as may be specifically authorized by Act of Congress hereafter enacted.

Pub. L. No. 97-92, § 140, 95 Stat. 1183, 1200 (1982).  As the *Williams* panel explained, that provision in no way limited the scope of the 1989 Ethics Act, because "by its own terms, [Section 140] expired as of September 30, 1982."  240 F.3d at 1026.  And even if Section 140 were deemed to have survived after 1982, it could not possibly read to have trumped the subsequent 1989 Ethics Act, which by its plain terms established a very different regime governing judicial salary adjustments.  *See id.* at 1027 ("[S]hould there be any disagreement that Section 140 died according to its terms, the 1989 Act controls, rending the government's reliance on Section 140 moot."); *see also Williams*, 535 U.S. at 1226 (Breyer, J., joined by Scalia and Kennedy, JJ., dissenting from the denial of certiorari) ("[T]he Government fails to explain how, in light of the fact that the [1989] Ethics Act 'specifically authorized' (indeed mandated) future adjustments in judicial pay, the language of § 140 (enacted in 1981) could make a legal difference.").

3

In the aftermath of the Federal Circuit's decision in *Williams*, Congress amended Section 140 by adding the following sentence at the end: "This section shall apply to fiscal year 1981 and each fiscal year thereafter." Pub. L. No. 107-77, § 625, 115 Stat. 748, 803 (Nov. 21, 2001), *codified in relevant part at* 28 U.S.C. § 461 note.

Each of the plaintiffs in this case served as an Article III judge after the enactment of the 1989 Ethics Act but before the amendment of Section 140 on November 21, 2001. *See* Compl. ¶¶ 1-7.[1] Each of the plaintiffs was denied the salary adjustment promised by the 1989 Ethics Act in 1995, 1996, 1997, 1999, and 2007. *See id.* at ¶¶ 14, 16, 21. But for the denial of the salary adjustment promised by the 1989 Ethics Act in 1995, 1996, 1997, and 1999, the salary adjustment in every subsequent year (including 2007, where no salary adjustment was given at all) would have been calculated by reference to a higher base salary. *See id.* at ¶ 22. Plaintiffs filed this lawsuit on January 16, 2009.

## ARGUMENT

### I.    Plaintiffs' Claims Are Not Barred By *Res Judicata*.

As a threshold matter, the Government argues that plaintiffs' claims are barred by the doctrine of *res judicata*, including both claim preclusion and issue preclusion, because they were absent members of the plaintiff class certified in *Williams*. *See* Mot. to Dismiss 8-10. That argument is manifestly incorrect.

Claim preclusion does not apply here for the simple reason that, in light of the six-year statute of limitations, plaintiffs' claims accrued after the *Williams* litigation ended in 2002.

---

[1] Plaintiff U.W. Clemon, who joined this lawsuit after the filing of the complaint, formerly served as a judge on the United States District Court for the Northern District of Alabama. Judge Clemon was appointed to that position by President Jimmy Carter, and entered into service on June 30, 1980. He served as Chief Judge from 1999 to 2006, and retired from the bench effective January 31, 2009.

Because this lawsuit was filed on January 16, 2009, the claims at issue here extend no further back than January 16, 2003. "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the *very same claim*, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008) (emphasis added; internal quotation omitted); *see also* Mot. to Dismiss 8 (noting that "[a] suit will be barred by claim preclusion" only if "the claim is based on the *same set of transactional facts* as the earlier claim") (emphasis added; citing *International Air Response v. United States*, 324 F.3d 1376, 1378 n.1 (Fed. Cir. 2003)). Thus, claim preclusion "does not bar a suit based on claims that accrue after a previous suit was filed." *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (collecting cases). Because the claims at issue here accrued only after the *Williams* litigation ended, *Williams* by definition cannot preclude those claims. *See, e.g.*, *Drake v. FAA*, 291 F.3d 59, 66-67 (D.C. Cir. 2002) ("The doctrine [of claim preclusion] does not bar a litigant from doing in the present what he had no opportunity to do in the past."); *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) ("Since [plaintiff's] 1972 action obviously could not have asserted claims based on facts that were not yet in existence, the dismissal of that action cannot be res judicata of [plaintiff's] complaint respecting [defendant's] conduct from 1972 to 1980."). The Government does not appear to contest any of the foregoing; rather, its invocation of claim preclusion appears to rest on the erroneous assumption that "[i]n this case, plaintiffs assert the *same* COLA claims respecting years 1995-1997 and 1999" at issue in *Williams*. Mot. to Dismiss 9 (emphasis added).[2]

---

[2] It is immaterial to this analysis that "the object of the *Williams* suit was to address the constitutionality of the blocking legislation not only for years 1995-99, but also for 'any future years' in which GS employees receive such adjustments." Mot. to Dismiss 10 (citing *Williams*, 48 F. Supp. 2d at 61). An unsuccessful request for injunctive relief cannot preclude future claims that have not yet accrued. *See, e.g.*, *Smith*, 513 F.3d at 784.

Similarly, issue preclusion does not apply here for the simple reason that plaintiffs were not parties to the *Williams* lawsuit, and were never given notice or an opportunity to opt out of that lawsuit. As a general matter, preclusion applies only to the parties to a particular proceeding. *See, e.g.*, *Taylor*, 128 S. Ct. at 2171; *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999); *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996); *Martin v. Wilks*, 490 U.S. 762 n.2 (1989); *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). To be sure, "the rule against nonparty preclusion is subject to exceptions," and one of those exceptions involves "*properly conducted* class actions." *Taylor*, 128 S. Ct. at 2172 (emphasis added). Where a class is properly certified, a resulting judgment binds not only the named parties, but also absent class members; indeed, that is the whole point of class actions. *See, e.g.*, Fed. R. Civ. P. 23(c)(3); *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). But the corollary to that rule is that a class action that is *not* properly certified is *not* binding on absent class members, and a subsequent court is therefore free (and indeed compelled) to assess the validity of class certification before affording a class judgment preclusive effect. *See, e.g.*, *Hansberry*, 311 U.S. at 41-44; *Pelt v. Utah*, 539 F.3d 1271, 1284-89 (10th Cir. 2008); *Stephenson v. Dow Chem. Co.*, 273 F.3d 249, 258-59 (2d Cir. 2001)*, aff'd in part, vacated in part on other grounds*, 539 U.S. 111 (2003); *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 179-80 (3d Cir. 1994); *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973).

Even cursory examination of the non-opt-out classes certified (without objection) in *Williams* shows that those classes were not properly certified under Rule 23(b)(2), and that *Williams* thus lacks preclusive effect here. Rule 23(b)(2) represents a narrow exception to the general rule that class actions may bind only those persons who have been given notice and an opportunity to opt out of the class. Under Rule 23(b)(2), class certification is warranted where "the party opposing the class has acted or refused to act on grounds that apply generally to the

class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  But that does not mean that *any* case involving claims for declaratory and/or injunctive relief warrants class certification under Rule 23(b)(2). To the contrary, courts may not certify non-opt-out classes under Rule 23(b)(2) in "cases in which the appropriate final relief relates exclusively *or predominantly* to money damages," regardless of whether those cases also seek declaratory or injunctive relief.  Fed. R. Civ. P. 23, 1966 Advisory Committee Note (emphasis added); *see also Coleman v. GMAC*, 296 F.3d 443, 447-50 (6th Cir. 2002); *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001); *Lemon v. International Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 580-81 (7th Cir. 2000); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir. 1998).[3]  That rule protects the interests of absent class members by ensuring that they will not be barred from pursuing claims wholly or predominantly for money damages by virtue of a class action of which they received neither notice nor an opportunity to opt out.  *See, e.g.*, *Coleman*, 296 F.3d at 447-50; *Murray*, 244 F.3d at 812; *Lemon*, 216 F.3d at 580-81; *Allison*, 151 F.3d at 411-16.

The district court in *Williams* could not, and did not, determine that the claims for declaratory and injunctive relief in that case "predominated" over the claims for money damages. Rather, the court simply asserted that the Government (which, again, did not oppose class certification in that case) "has acted and has refused to act on grounds generally applicable to the

---

[3] Notwithstanding the language of the Advisory Committee Note, the Supreme Court has never decided whether Rule 23(b)(2) authorizes certification of a non-opt-out class that includes *any* claim for money damages, and indeed has stated that there is "at least a substantial possibility" that it does not.  *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 121 (1994) (*per curiam*); *see also Ortiz*, 527 U.S. at 846 ("The inherent tension between representative suits and the day-in-court ideal is only magnified if applied to damages claims gathered in a mandatory class."); *cf. Coleman*, 296 F.3d at 447 (noting that Supreme Court has never resolved this issue); *Allison*, 151 F.3d at 411 & n.3 (same).  This Court, however, need not address that question here because, as noted in the text, there is no question that the claims at issue in *Williams* were, at the very least, "predominantly" for money damages, not injunctive relief.

Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole."  Tab C, at 2.  As noted above, that assertion, in and of itself, does not warrant class certification under Rule 23(b)(2); the court was required to determine at the very least whether claims for declaratory and/or injunctive relief "predominated" over claims for money damages.

Had the district court in *Williams* engaged in any such analysis, it could not possibly have concluded that the claims for declaratory and/or injunctive relief in that case "predominated" over the claims for money damages.  "[M]onetary relief predominates in (b)(2) class actions unless it is *incidental* to requested injunctive or declaratory relief."  *Allison*, 151 F.3d at 415 (emphasis added); *see also Coleman*, 296 F.3d at 447-50; *Murray*, 244 F.3d at 812; *Lemon*, 216 F.3d at 580-81.  The claims for money damages in *Williams* were by no means "incidental" to the claims for declaratory and injunctive relief; quite the contrary, the claims for declaratory and injunctive relief in *Williams* were "incidental" to the claims for money damages.  Indeed, *Williams* was not just "predominantly" about money; *Williams* was *all* about money.  The whole point of *Williams* was to obtain "Compensation" allegedly owed to Article III judges under the Compensation Clause, and the declaratory and injunctive relief requested in that case involved the payment of such monetary compensation in the future.  Needless to say, "[a] plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money."  *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir. 1979); *see also In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1144-45 (3d Cir. 1982); *Schlosser v. Commonwealth Edison Co.*, 250 F.2d 478, 480-81 (7th Cir. 1958); *Sims v. Stuart*, 291 F. 707, 707-08 (S.D.N.Y. 1922) (L. Hand, J.).  Accordingly, *Williams* was never properly certified as a non-opt-out class action under Rule 23(b)(2), and the absent class members in *Williams* were

entitled at the very least to notice and an opportunity to opt out of the class.  Because they were never afforded any such opportunity, the judgment in *Williams* can have no preclusive effect on them.  *See, e.g.*, *Hansberry*,  311 U.S. at 41-44; *Pelt*, 539 F.3d at 1284-89; *Stephenson*, 273 F.3d at 258-59; *Collins*, 34 F.3d at 179-80; *Gonzales*, 474 F.2d at 72.

Indeed, it would be manifestly unconstitutional to give *Williams* preclusive effect here, given that the absent class members in *Williams* were afforded neither notice nor an opportunity to opt out of that case.  This is not some esoteric rule of civil procedure, but Due Process 101: in our system, a person may not be deprived of a property right (including a claim for money damages) without notice and an opportunity to be heard.  *See, e.g.*, *Richards*, 517 U.S. at 799 (citing, *inter alia*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).  In the class action context, due process dictates that "claims wholly or predominantly for money judgments" may not be given preclusive effect with respect to any known absent member of a plaintiff class who was not afforded "notice plus an opportunity to be heard and participate in the litigation" as well as "an opportunity to remove himself from the class."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 & n.3 (1985); *see also Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1226 (11th Cir. 1998); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992), *cert. dismissed*, 511 U.S. 517 (1994); *Johnson v. General Motors Corp.*, 598 F.2d 432, 437 (5th Cir. 1979); *Bogard v. Cook*, 586 F.2d 399, 408-09 (5th Cir. 1978); *Pate v. United States*, 328 F. Supp. 2d 62, 68-74 (D.D.C. 2004).  At the end of the day, the point here is simple: as a matter of due process, plaintiffs cannot be precluded from pursuing claims predominantly for money damages by virtue of an earlier lawsuit of which they received neither notice nor an opportunity to opt out.

Because the crux of this case (like *Williams*) is the payment of "Compensation" due under the Compensation Clause of Article III, and plaintiffs here were never afforded notice or an opportunity to opt out of *Williams*, the judgment in *Williams* can have no preclusive effect on them, and the Government thus fails to carry its burden of establishing preclusion as a matter of law.  *See, e.g.*, *Taylor*, 128 S. Ct. at 2179-80 (noting that "[c]laim preclusion, like issue preclusion, is an affirmative defense" as to which the defendant bears the burden of proof); *Pelt*, 539 F.3d at 1283-84 (same in class action context).

## II.  Plaintiffs' Claims Are Not Barred By The Statute Of Limitations.

The Government next argues that "the majority of [plaintiffs'] claims are ... barred by the statute of limitations."  Mot. to Dismiss 10.  But that argument is based on an erroneous understanding of those claims.  Plaintiffs are not seeking a salary adjustment for any period beyond the applicable six-year statute of limitations.  Rather, plaintiffs are seeking the salary adjustments promised by the 1989 Ethics Act *within* the six years prior to the filing of the complaint, *i.e.*: (1) a salary adjustment for fiscal year 2007 (which was withheld altogether), and (2) increased salary adjustments for the entire six-year period (because the base salary used to calculate those adjustments was artificially low in light of Congress' failure to provide the salary adjustments promised by the 1989 Ethics Act in prior fiscal years), as well as ancillary declaratory relief, *see* Compl. 9-10 (Prayer for Relief).  Reference back to the amounts that plaintiffs should have been paid in 1995, 1996, 1997, and 1999, in other words, is necessary only to calculate the amounts that plaintiffs should have been paid in the six years prior to the filing of the complaint.  The Government cannot, and does not appear to, contend that claims involving payments within the six years prior to the filing of the complaint accrued more than six years prior to the filing of the complaint and are thus barred by the six-year statute of limitations.  *See, e.g.*, Mot. to Dismiss 10 ("[P]laintiffs' claims are barred by the statute of limitations *to the extent*

*they accrued more than six years before the filing of the complaint*.") (emphasis added; capitalization modified).

### III.    Plaintiffs' Claims Are Not Barred By Section 140.

The Government next argues that Section 140 of Public Law 97-92, as amended on November 28, 2001, "forecloses" any claims that accrued after that date. Mot. to Dismiss 12. That argument, once again, is manifestly incorrect; Section 140 is irrelevant here.

The Government concedes, as it must, that the Federal Circuit in *Williams* specifically held that Section 140, as originally enacted in 1982, had no bearing on Article III judges' constitutional entitlement to salary adjustments under the 1989 Ethics Act. *See* Mot. to Dismiss 12-14 & n.4 (citing *Williams*, 240 F.3d at 1026-27). The Government insists, however, that the 2001 amendment to Section 140 disposes of "plaintiffs' post-2001 claims." *Id.* at 14.

What the Government appears to be missing is the fundamental principle that a statute cannot override the Constitution. All of the plaintiffs in this case entered into service as Article III judges *before* the amendment of Section 140 on November 21, 2001. The complaint alleges that the promise of future salary adjustments in the 1989 Ethics Act gave the plaintiffs vested rights to "Compensation" within the meaning of Article III that could not thereafter be divested by legislation. *See* Compl. ¶¶ 11-17, 21-26. Needless to say, it is no answer to this constitutional claim to assert that Congress enacted legislation in 2001 that divested the judges of their constitutionally protected "Compensation."

The Government's reliance on Section 140 is thus a red herring; what the Government is really relying on (although, curiously, the Government never says so in its motion to dismiss) is the Federal Circuit's constitutional holding in *Williams* that the promise of a future salary adjustment, no matter how explicit and unequivocal, can never give rise to a vested right to "Compensation" within the meaning of Article III. *See* 240 F.3d at 1031-33. If, as plaintiffs

allege, the salary adjustments promised in the 1989 Ethics Act created a vested right to "Compensation" within the meaning of Article III, Section 140 obviously could not defeat that right. Section 140, in and of itself, thus provides no ground for dismissal here; rather, Section 140 provides a ground for dismissal only in light of *Williams*, the precedential effect of which alone provides a sufficient basis for dismissal here.

## IV.    Plaintiffs' Request For Declaratory Relief Is Not Beyond This Court's Jurisdiction.

Finally, the Government contends that "plaintiffs' claims for declaratory relief regarding future salary adjustments are plainly beyond this Court's limited jurisdiction." Mot. to Dismiss 14. Although this Court need not address this remedial issue in the context of this motion to dismiss, the Government once again is wrong.

According to the Government, "[i]t is well-settled that this Court and its predecessor courts do not have the general equitable powers of a district court, to grant prospective relief." *Id.* at 15 (internal quotation omitted). While that is undoubtedly an accurate description of the general rule, *see, e.g.*, *United States v. King*, 395 U.S. 1, 3 (1969), it omits an equally well-settled exception to that rule: "the Tucker Act has been amended to permit the Court of Federal Claims to grant equitable relief *ancillary* to claims for monetary relief over which it has jurisdiction." *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) (*per curiam*) (emphasis added). The declaratory relief sought here is "ancillary" to the money damages sought here: in the course of seeking payment of the "Compensation" promised by the 1989 Ethics Act, plaintiffs simply ask this Court to declare that they are entitled to such "Compensation" in the future. That conclusion follows naturally, as a matter of law and logic, from an award of money damages: if Article III requires the payment of the promised salary adjustments for past periods, then Article III requires the payment of the promised salary adjustments for future periods. In any event, as noted above, now is not the time for this Court to

sort out the remedial issues in this case, given that the *Williams* precedent currently forecloses plaintiffs' claims as a matter of law.

## CONCLUSION

Plaintiffs acknowledge that this Court is bound by the *Williams* precedent, and thus—while expressly preserving their right to challenge that precedent on appeal—do not object to the dismissal of the complaint in light of that binding precedent.  As explained above, however, plaintiffs do object to the dismissal of the complaint in whole or in part on any of the four grounds advanced in the Government's motion to dismiss.

Respectfully submitted,

/s/ Christopher Landau
Christopher Landau, P.C.
  *Attorney of Record*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW, Suite 1200
Washington, DC   20005
(202) 879-5000 (phone)
(202) 879-5200 (fax)
*clandau@kirkland.com*

*Of Counsel*:

Patrick F. Philbin
Angela M. Butcher
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW, Suite 1200
Washington, DC   20005
(202) 879-5000 (phone)
(202) 879-5200 (fax)
*pphilbin@kirkland.com*
*abutcher@kirkland.com*

April 29, 2009

## CERTIFICATE OF FILING

I hereby certify that on this 29th day of April 2009, I electronically filed the foregoing plaintiffs' RESPONSE TO MOTION TO DISMISS.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


\_\_\_/s/_____

Christopher Landau, P.C

# TAB A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 2 9 1997

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

SPENCER WILLIAMS, U.S. District Court,
280 South First Street, San Jose,
California 95113, AUBREY E. ROBINSON, JR.,
United States Courthouse, 333 Constitution
Avenue, N.W., Washington, D.C. 20001,
C. CLYDE ATKINS, U.S. Courthouse, 301
North Miami Avenue, Miami, Florida 33128
LOUIS C. BECHTLE, U.S. Courthouse, 601
Market Street, Philadelphia, Pennsylvania
19106, SANDRA S. BECKWITH, U.S. District
Court, 100 East Fifth Street, Cincinnati,
Ohio 45202, LUCIUS D. BUNTON, III,
U.S. Courthouse, 200 East Wall Street,
Midland, Texas 79702, WILLIAM MATTHEW
BYRNE, JR., United States Courthouse,
312 North Spring Street, Los Angeles,
California 90012, ADRIAN G. DUPLANTIER,
U.S. Courthouse, 500 Camp Street, New
Orleans, Louisiana 70130, IRVING HILL,
U.S. Courthouse, 312 North Spring Street,
Los Angeles, California 90012, MORRIS E.
LASKER, U.S. District Court, 90 Devonshire
Street, Boston, Massachusetts 02109,
THOMAS COLLIER PLATT, JR., U.S. Courthouse,
20 Uniondale Avenue, Uniondale, New York,
11553, JOHN W. REYNOLDS, 296 U.S.
Courthouse, 517 E. Wisconsin Avenue,
Milwaukee, Wisconsin 53202, WALTER HERBERT
RICE, 909 Federal Building, 200
West Second Street, Dayton, Ohio 45402,
MARVIN H. SHOOB, 1921 U.S. Courthouse,
75 Spring Street, S.W., Atlanta, Georgia,
30303, JOSEPH E. STEVENS, JR., 404 United
States Courthouse, 811 Grand Avenue,
Kansas City, Missouri 64106, JOSEPH L. TAURO,
1615 J.W. McCormack Post Office & Courthouse,
90 Devonshire Street, Boston, Massachusetts
02109, LAUGHLIN E. WATERS, Roybal Federal
Building, 255 East Temple Street,
Los Angeles, California 90012, LEE R. WEST,
2017 United States Courthouse, Oklahoma

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NUMBER   1:97CV03106

JUDGE: John Garrett Penn

DECK TYPE: Civil General

DATE STAMP: 12/29/97

City, Oklahoma 73102, CHARLES WIGGINS,       )
300 Las Vegas Boulevard South, Las Vegas,     )
Nevada 89101, HENRY RUPERT WILHOIT, JR.,      )
U.S. Courthouse 1405 Greenup Avenue,          )
Ashland, Kentucky 41101, on their own         )
behalf and on behalf of all persons           )
similarly situated,                           )
                                              )
                Plaintiffs,                   )
                                              )
        vs.                                   )
                                              )
THE UNITED STATES OF AMERICA,                 )
                                              )
                Defendant.                    )

## COMPLAINT

Plaintiffs, by their counsel, Kevin M. Forde, Richard J. Prendergast, and John S. Guttmann, Jr.[1] complain on their own behalf and on behalf of the classes as defined herein, and assert the following as their claims against the United States:

## JURISDICTION AND NATURE OF THE CLAIM

1.    This action against the United States is founded on the Constitution of the United States and certain acts of Congress. Plaintiffs invoke the jurisdiction of this Court under Title 28, United States Code, Section 1346(a)(2). In this action Plaintiffs allege that Defendant has violated the Constitution, Article III, Sec. 1, by denying payment of cost-of-living adjustments which were approved for all judges with the passage of the Ethics Reform Act of 1989.

---

[1]    Serving as Local Counsel.

2

**THE PARTIES**

2.    (a)    Plaintiff SPENCER WILLIAMS is a Senior United States District Judge and a member of the United States District Court for the Northern District of California.

(b)    Plaintiff AUBREY E. ROBINSON, JR. is a Senior United States District Judge and a former Chief Judge of the United States District Court for the District of Columbia.

(c)    Plaintiff C. CLYDE ATKINS is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Southern District of Florida.

(d)    Plaintiff LOUIS C. BECHTLE is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Eastern District of Pennsylvania.

(e)    Plaintiff SANDRA S. BECKWITH is a United States District Judge and a member of the United States District Court for the Southern District of Ohio.

(f)    Plaintiff LUCIUS D. BUNTON, III, is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Western District of Texas.

(g)    Plaintiff WILLIAM MATTHEW BYRNE, JR. is Chief Judge of the United States District Court for the Central District of California.

(h)    Plaintiff ADRIAN G. DUPLANTIER is a Senior United States District Judge and a member of the United States District Court for the Eastern District of Louisiana.

3

(i)  Plaintiff IRVING HILL is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Central District of California.

(j)  Plaintiff MORRIS E. LASKER is a Senior United States District Judge of the United States District Court for the Southern District of New York sitting by designation in the District of Massachusetts.

(k)  Plaintiff THOMAS COLLIER PLATT, JR., is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Eastern District of New York.

(l)  Plaintiff JOHN W. REYNOLDS is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Eastern District of Wisconsin.

(m)  Plaintiff WALTER HERBERT RICE is a United States District Judge and the Chief Judge of the Southern District of Ohio.

(n)  Plaintiff MARVIN H. SHOOB is a Senior United States District Judge and a member of the United States District Court for the Northern District of Georgia.

(o)  Plaintiff JOSEPH E. STEVENS, JR., is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Western District of Missouri.

(p)  Plaintiff JOSEPH L. TAURO is a United States District Judge and the Chief Judge of the United States District Court for the District of Massachusetts.

4

(q)    Plaintiff LAUGHLIN E. WATERS is a Senior United States District Judge and a member of the United States District Court for the Central District of California.

(r)    Plaintiff LEE R. WEST is a Senior United States District Judge and a former Chief Judge of the United States District Court for the Western District of Oklahoma.

(s)    Plaintiff CHARLES WIGGINS is a Senior United States Circuit Judge and a member of the United States Court of Appeals for the Ninth Circuit.

(t)    Plaintiff HENRY RUPERT WILHOIT, JR., is a United States District Judge and a member of the United States District Court for the Eastern District of Kentucky.

3.    Plaintiffs were appointed to their present offices within the United States Judiciary by the President of the United States, with the advice and consent of the United States Senate, pursuant to Article III of the Constitution of the United States, and have continuously served as Federal Judges, pursuant to Article III of the Constitution of the United States, since the dates of their appointments through and including the date of the filing of this action.

4.    The Defendant is the United States of America.

## CLASS ACTION ALLEGATIONS

5.    This Complaint, and each Count thereof, is brought by Plaintiffs, on their own behalf and pursuant to Rule 23(b)(2), Fed. R. Civ. P., as a class action on behalf of all persons who are

serving or who have served as Judges of the United States pursuant to Article III of the Constitution of the United States during the period applicable to each claim, as set forth in Count I through Count III. (Each Class is at times herein referred to as "Federal Judges.")

6.    The Class in each Count consists of more than 1,000 persons and is so numerous that joinder of all its members before this Court is impracticable.

7.    There are questions of law or fact common to the Class in each Count. The complaint seeks a declaration that certain Public Acts (described in paragraph 31 of each Count) which withheld cost-of-living adjustments due all judges (the Class) under the Ethics Reform Act are unconstitutional.

8.    The claims of Plaintiffs in each Count are typical of the claims of the Class.

9.    The named Plaintiffs, with their counsel, will fairly and adequately protect and represent the interests of the Class in each Count. The interests of the representative parties are coextensive with those of the Class.

10.    As to each claim, the party opposing the Class (the United States) has acted and has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ARTICLE III, SEC. 1 AND THE
## STATUTES WHICH SET JUDGES' COMPENSATION

11.   Article III, Section 1 of the Constitution of the United States provides, in pertinent part, that Judges of the United States Courts "shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office." ("The Compensation Clause").

12.   The Compensation of a Federal Judge is defined, in part, at 28 U.S.C., Section 135[2], which provides in pertinent part that "Each Judge . . . shall receive a salary at an annual rate determined under Section 225 of the Federal Salary Act of 1967 (2 U.S.C., Sections 351-361) as adjusted by Section 461 of this Title . . . " [28 U.S.C., Section 461] ("the Executive Salary Cost-of-Living Adjustment Act").

13.   The Executive Salary Cost-of-Living Adjustment Act, as amended by the Ethics Reform Act of 1989 (Pub. L. 101-194, 103 Stat. 1716)[3] ("Ethics Reform Act"), requires that the salary of a Federal Judge shall be adjusted annually, pursuant to an index as set forth in the Ethics Reform Act.  This adjustment is subject to

---

[2]     Section 135 defines the salary for District Court Judges. Similar provisions of Title 28 apply to Justices of the Supreme Court and other Article III Judges.  See Section 5 (Justices of the Supreme Court), Section 44 (Circuit Courts of Appeals) and Section 252 (Court of International Trade).

[3]   Codified at 5 U.S.C. Sec. 5318, note.

only one condition: that there be, in the same fiscal year, an adjustment in the rates of pay of positions covered by the General Schedule under 5 U.S.C. Section 5303 ("the Comparability Act"). The Comparability Act is the mechanism for annually adjusting the rates of pay of most federal employees to reflect increases in the cost-of-living and salary increases in the private sector.

14.   In adopting the Ethics Reform Act, Congress substantially revised the pay system for high-ranking government officials, including Judges.  That Act (1) changed the method by which Judges' base salaries would be periodically reviewed by a Commission; (2) imposed severe limitations on the outside income Judges could earn and forbade the receipt of honoraria; and (3) provided a new mechanism for annual adjustments to Judges' pay.  The Act provided that each judge would receive a base salary increase, effective January 1, 1991.  It also provided for the restoration of cost-of-living adjustments which had been withheld in fiscal years 1989 and 1990.  Relevant to the claims in this Complaint, the Act provided that, beginning in 1991 and in each subsequent year, the salary of a Federal Judge would be adjusted based on a specific schedule and index.

15.   Under the new mechanism, in any year in which salaries of General Schedule employees are adjusted under the Comparability Act, Judges' salaries are to be adjusted by an amount equal to one-half of one percent less than the percentage change in the Employment Cost Index ("ECI") for the period having ended December

8

31 of the previous year.    Ethics Reform Act, 704(a)(1)(B); 5 U.S.C., Sec. 5318, note.    The statute further provides that the annual adjustment is to be limited to a maximum of 5 percent per year.    Under the provisions of the Ethics Reform Act, mandatory ECI adjustments became part of each federal Judge's compensation when the Act was passed.    (The annual adjustment under the new method mandated by the Ethics Reform Act is hereinafter referred to as the "ECI adjustment" or "COLA.")

16.    Pursuant to the statutory scheme described in paragraphs 12 through 15 above, the compensation of Federal Judges includes the base salary (established by the Ethics Reform Act of 1989), adjusted annually by the ECI adjustment as mandated under that Act. To paraphrase slightly the description of the Act by the United States Court of Appeals for the District of Columbia Circuit, "[t]he Ethics Reform Act of 1989 substantially revised the pay system for high-ranking government officials. . . .[T]he Act provided that each [Judge] would receive an immediate one-time salary increase and in subsequent years an annual COLA to his or her salary. . ." Boehner v. Anderson, 30 F.3d 156, 158 (D.C. Cir. 1994). Accordingly, "[i]t has been the law since 1989 that a COLA would be made on January 1, 1991 and each year thereafter pursuant to a specified formula," i.e. the ECI Index.    (30 F.3d at 162).

17.    The ECI adjustment for Judges is automatic.    The only condition to the payment of an ECI adjustment, as provided in the

Ethics Reform Act, is that there be an adjustment in the rates of pay for General Schedule employees under the Comparability Act.

18. By automatic operation of the ECI provision, Judges' salaries were adjusted the first day of January 1991, 1992 and 1993.

19. For Fiscal Year 1994, General Schedule salaries were not adjusted under the Comparability Act, and thus the statutory mechanism for the ECI adjustment of Judges' pay under the Ethics Reform Act was not triggered. As described below, no COLAs were paid to Judges in the years 1995, 1996 and 1997, despite the fact that in each of those years General Schedule salaries were adjusted under the Comparability Act.

20. Article III is designed to ensure the independence of the Judicial Branch and to place the Judicial Branch beyond the reach and above the suspicion of any undue influence of the other two more political branches of government. Article III thus imposes upon Congress the duty to provide a compensation for Judges which achieves these objectives and to refrain from action which might undermine them.

21. The Ethics Reform Act established a system designed to protect Judges' compensation from loss due to inflation, providing that any time the salaries of the General Schedule federal work force are adjusted to compensate for increases in the cost-of-living, the salaries of Judges must also be adjusted. Since Article III of the Constitution imposes a duty upon Congress to

refrain from taking any action relating to Judges' compensation which will undermine judicial independence, once Congress establishes a pay system designed to protect Judges' compensation from inflation, Congress may not take any action that prevents Judges from receiving the full compensation to which they otherwise would be entitled by operation of that pay system.

22. The basic purpose of an annual cost-of-living adjustment mechanism, such as that provided for under the Comparability Act and Ethics Reform Act, is to counter the effects of inflation which otherwise would reduce the real value of compensation. In determining whether to withhold payment of COLAs to members of Congress and political appointees holding high-level Executive Branch positions, Congress' decisions are necessarily influenced by political considerations not applicable to non-political career federal employees generally, and Judges in particular. The provisions of Article III which prohibit the diminution of judicial compensation and guarantee life tenure are designed to insure that the Judiciary remains independent of the other two Branches. To classify Judges with Members of Congress and high-level political appointees, rather than other career federal employees, in determining whether to withhold COLAs which otherwise are payable by law, is contrary to the objectives of Article III and so constitutes an irrational classification which denies equal protection under the law as guaranteed by the Fifth Amendment of the Constitution.

## SECTION 140 OF PUB. L. 97-92

23.  Several years prior to enactment of the Ethics Reform Act, Congress adopted House Joint Resolution 370, Pub. L. 97-92, 95 Stat. 1182, which governed the use of certain Fiscal Year 1982 appropriations.  Although Pub. L. 97-92 was scheduled to expire by its own terms on March 31, 1982, its provisions were extended to September 30, 1982, pursuant to Pub. L. 97-161.  Section 140 of the resolution provided as follows:

> Notwithstanding any other provisions of law or of this joint resolution, none of the funds appropriated by this joint resolution or by any other Act shall be obligated or expended to increase, after the date of enactment of this joint resolution, any salary of any Federal Judge or Justice of the Supreme Court, except as may be specifically authorized by Act of Congress hereafter enacted: Provided, that nothing in this limitation shall be construed to reduce any salary which may be in effect at the time of enactment of this joint resolution nor shall this limitation be construed in any manner to reduce the salary of any Federal Judge or of any Justice of the Supreme Court.

24.  Notwithstanding the fact that House Joint Resolution 370 pertained to certain appropriations for Fiscal Year 1982 and, by its own terms and as extended by Pub. L. 97-161, expired on September 30, 1982, (the last day of Fiscal Year 1982), the Comptroller General of the United States concluded, prior to enactment of the Ethics Reform Act, that Section 140 was permanent legislation, requiring that any judicial salary adjustment be authorized by a separately enacted statute.  Notwithstanding the specific direction for annual adjustments in the Ethics Reform Act and the proviso in Section 140 itself that it is not to "be

12

construed in any manner to reduce the salary of a Federal Judge," the Comptroller General continues to maintain that Judges cannot receive the adjustments mandated by the Ethics Reform Act without the passage of a new law each year. Comp. Gen. Dec. No. ¶ B-261589 (3/6/96). In other words, there is no COLA provision for Federal Judges.

25. Contrary to the opinion of the Comptroller General, Section 140, as extended by Pub. L. 97-161, expired or terminated on September 30, 1982 and has no effect on the determination of judicial salaries after that date.

26. Even if Section 140 survived beyond September 30, 1982, that provision nonetheless does not restrict judicial salary adjustments which take effect under the Ethics Reform Act because (1) the provisions of Section 140 have been superseded by the Ethics Reform Act and/or (2) the salary adjustments payable by operation of the Ethics Reform Act have been "authorized by Act of Congress [i.e., the Ethics Reform Act] hereafter enacted" within the meaning of Section 140.

27. If Section 140 prevents the payment of salary adjustments due judges by operation of the Ethics Reform Act, there is no COLA provision for federal judges and Section 140 is discriminatory and undermines judicial independence in violation of Article III and the Fifth Amendment to the Constitution.

## COUNT I - FY 1995

1-27.   Plaintiffs hereby reallege paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of this Count I.

28.   The Class in this Count I is comprised of all persons who served as Judges of the United States at any time during the period January 1 through December 31, 1995.

29.   For Fiscal Year 1995, the salaries of General Schedule employees were adjusted under the Comparability Act.   Accordingly, the salaries due Federal Judges under the Ethics Reform Act were also adjusted beginning January 1, 1995.

30.   Notwithstanding the clear right of Federal Judges to be paid at the compensation levels prescribed by law during Fiscal Year 1995, the Defendant has refused to pay the full compensation due Judges.

31.   The Defendant has refused to pay the full compensation due Judges because Congress adopted and the President signed the Treasury, Postal Service and General Government Appropriations Act of 1995 (Pub. L. No. 103-329, §630, 108 Stat. 2382, 2424.)   This enactment, which became effective when signed by the President on September 30, 1994, purported to repeal and rescind the previously-authorized adjustments payable to Federal Judges as mandated by the Ethics Reform Act.   Although Pub. L. No. 103-329 recognized that the salary adjustments payable to General Schedule Employees under the Comparability Act had taken effect, it nonetheless provided that, for purposes of determining Judges' pay, "no adjustments

14

under [the Comparability Act] shall be considered to have taken effect." This declaration, no matter what its intent, could not constitutionally repeal the adjustments, and thereby reduce the compensation, due Judges under the Ethics Reform Act.

## COUNT II - FY 1996

1-27.    Plaintiffs hereby reallege paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of this Count II.

28.    The Class in this Count II is comprised of all persons who served as Judges of the United States at any time during the period January 1, 1996 through December 31, 1996.

29.    For Fiscal Year 1996, the salaries of General Schedule employees were adjusted under the Comparability Act. Accordingly, the salaries due Federal Judges under the Ethics Reform Act were also adjusted beginning January 1, 1996.

30.    Notwithstanding the clear right of Federal Judges to be paid at the compensation levels prescribed by law during Fiscal Year 1996, the Defendant has refused to pay the full compensation due Judges.

31.    The Defendant has refused to pay the full compensation due Judges because Congress adopted and the President signed the Treasury, Postal Service and General Government Appropriations Act of 1996 (Pub. L. No. 104-52, §630, 109 Stat. 468). This enactment, which became effective when signed by the President on November 20, 1995, purported to repeal and rescind the previously authorized

15

adjustments payable to Federal Judges as mandated by the Ethics Reform Act. Although Pub. L. No. 104-52 recognized that the salary adjustments payable to General Schedule Employees under the Comparability Act had taken effect, it nonetheless provided that, for purposes of determining Judges' pay, "no adjustments under [the Comparability Act] shall be considered to have taken effect." This declaration, no matter what its intent, could not constitutionally repeal the adjustments, and thereby reduce the compensation, due Judges under the Ethics Reform Act.

## COUNT III - FY 1997

1-27.    Plaintiffs hereby reallege paragraphs 1 through 27 of this Complaint as paragraphs 1 through 27 of this Count III.

28.  The Class in this Count III is comprised of all persons who served or are serving as Judges of the United States at any time during the period from January 1, 1997 through December 31, 1997.

29.  For Fiscal Year 1997, the salaries of General Schedule employees were adjusted under the Comparability Act.  Accordingly, the salaries due Federal Judges under the Ethics Reform Act were also adjusted beginning January 1, 1997.

30.  Notwithstanding the clear right of Federal Judges to be paid at the compensation levels provided by law during Fiscal Year 1997, the Defendant has refused to pay the full compensation due Judges.

31.    The Defendant has refused to pay the full compensation due Judges because Congress adopted and the President signed the Department of Defense Appropriations Act of 1997 (Pub. L. No. 104-208, 110 Stat. 3009).  This enactment, which became effective when signed by the President on September 30, 1996, purported to repeal and rescind the previously authorized adjustments payable to Federal Judges as mandated by the Ethics Reform Act.  Although Pub. L. No. 104-208 recognized that the salary adjustments payable to General Schedule Employees under the Comparability Act had taken effect, it nonetheless provided that, for purposes of determining Judges' pay, "no adjustments under [the Comparability Act] shall be considered to have taken effect."  This declaration, no matter what its intent, could not constitutionally repeal the adjustments, and thereby reduce the compensation, due Judges under the Ethics Reform Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.    That this Court find that this action and each count thereof is a proper class action and that the named parties adequately represent each Class.

B.    That upon said findings, this Court order that the action may properly be maintained as a class action as each Class is defined by Plaintiffs in this Complaint.

17

C.   That this Court declare that Section 140 of Pub. L. 97-92 does not operate to prevent the payment of ECI adjustments due Federal Judges under the Ethics Reform Act because:  (1) Section 140 expired on September 30, 1982; or (2) the provisions of Section 140 were superseded by the Ethics Reform Act of 1989, and/or the salary adjustments payable by operation of the Ethics Reform Act have been "authorized by Act of Congress hereinafter enacted" within the meaning of Section 140.  Otherwise this Court should declare that Section 140 is unconstitutional and void.

D.   That this Court declare that each of the Public Acts, as described in paragraph 31 of each Count of this Complaint, which withheld the ECI adjustments due Judges under the Ethics Reform Act violates the Compensation Clause, Article III, Section I of the Constitution and is therefore unconstitutional and void.

E.   That this Court declare that Plaintiffs and the members of the Class in each Count are entitled to damages in an amount to be determined by the Court.

F.   That this Court declare that Plaintiffs and the members of the Class in each Count are entitled to recover whatever interest would have been earned on any compensation wrongfully withheld.

G.   That this Court enter judgment on behalf of Plaintiffs and the members of each Class as defined in each Count of the Complaint in an amount to be determined to be due by law.

18

**Attorneys for Plaintiffs**

Kevin M. Forde
111 West Washington Street
Suite 1100
Chicago, Illinois    60602
(312) 641-1441

_____
One of the Attorneys for Plaintiffs


Richard J. Prendergast
111 West Washington Street
Suite 1100
Chicago, Illinois    60602
(312) 641-0881

_____
One of the Attorneys for Plaintiffs


**Local Counsel**

John S. Guttmann, Jr.
D.C. Bar #251934
Beveridge & Diamond, P.C.
1350 I Street, N.W.
Suite 700
Washington, D.C.    20005-3311
(202) 789-6000

_____
Member of the District of Columbia
Bar, Appearing On Behalf Of
Plaintiffs


19

# TAB B

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SPENCER WILLIAMS, AUBREY E. ROBINSON, )
JR.,C. CLYDE ATKINS, LOUIS C. BECHTLE, )
SANDRA S. BECKWITH, LUCIUS D. BUNTON, )
III, WILLIAM MATTHEW BYRNE, JR., ADRIAN )
G. DUPLANTIER, IRVING HILL, MORRIS E. )
LASKER, THOMAS COLLIER PLATT, JR., JOHN )
W. REYNOLDS, WALTER HERBERT RICE, )
MARVIN H. SHOOB, JOSEPH E. STEVENS, JR., )
JOSEPH L. TAURO, LAUGHLIN E. WATERS, LEE )
R. WEST, CHARLES WIGGINS, HENRY RUPERT )    No.97 CV 03106
WILHOIT, JR., on their own behalf and on behalf )
of all persons similarly situated, )
           )    The Honorable
         Plaintiffs, )    John Garrett Penn
           )    **FILED**
    vs. )
           )    MAR 3 1 1998
THE UNITED STATES OF AMERICA, )
           )    NANCY MAYER-WHITTINGTON, CLERK
         Defendant. )    U.S. DISTRICT COURT

### PLAINTIFFS' MOTION FOR CLASS DETERMINATION

Plaintiffs, by their counsel, and pursuant to Rule 23 of the Federal Rules of Civil Procedure respectfully move that this Court enter its Findings and Order determining that this action and each Count thereof is a proper class action and may be so maintained. In support of this motion, plaintiffs respectfully state:

1. Each Count of this Complaint is brought by Plaintiffs on their own behalf and pursuant to Rule 23(b)(2), Fed. R. Civ. Proc. as a class action on behalf of all persons who are serving or who have served as Judges of the United States pursuant to Article III of the Constitution during each of the periods applicable to each claim as set forth in Counts I through III. The prerequisites for maintenance as a class action are properly alleged in plaintiffs' Complaint (¶5-10) clearly present and shown by uncontested facts.

13

2.    The Class as defined in each Count consists of more than 1,000 persons and is so numerous that joinder of all its members before this Court is impracticable.  (Complaint ¶6). The defendant agrees each (class), as defined in the Complaint, exceeds 1,000 persons and that joinder of all its members before this Court is impracticable.  (Answer, ¶6).

3.    There are questions of law or fact common to the Class in each Count. The Complaint seeks a declaration that certain Public Acts (described in paragraph 31 of each Count) which withheld cost-of-living adjustments from judges under the Ethics Reform Act (Pub. L. 101-194, 103 Stat. 1716) are unconstitutional.  (Complaint. ¶7).  Defendant concedes that there are common questions of law or fact.  (Answer, ¶6).

4.    The claims of Plaintiffs in each Count are typical of the claims of the Class. (Complaint. ¶8).  Defendant does not admit or deny this allegation.  (Answer, ¶8).

5.    The named Plaintiffs, with their counsel, will fairly and adequately protect and represent the interests of the Class. The interests of the representative parties are coextensive with those of the Class.  (Complaint, ¶9).  Defendant does not admit or deny this allegation. (Answer, ¶9).

6.    As to each claim, the party opposing the Class (the United States) has acted, and has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Defendant concedes it has acted on grounds generally applicable to the Class and that, if this is a proper class action, it is appropriate to grant or deny injunctive or declaratory relief for the Class as a whole.   (Answer, ¶10).

7.    A proposed Order certifying the classes in each Count of the Complaint.

WHEREFORE, Plaintiffs respectfully submit that this Court should enter its Order determining that this is a proper class action and may be so maintained and (2) defining the Class as proposed by Plaintiffs in each Count of their Complaint (¶28 of each Count).

Respectfully submitted,

**Attorneys for Plaintiffs**

Kevin M. Forde
Richard J. Prendergast
Janice R. Forde
111 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 641-1441

_____
One of the Attorneys for Plaintiffs

**Local Counsel**

John S. Guttmann, Jr.
D.C. Bar No. 251934
Beveridge & Diamond, P.C.
1350 I Street, NW
Suite 700
Washington, DC 20005-3311
(202) 789-6000

_____
Member of the District of Columbia Bar,
Appearing on behalf of Plaintiffs

3

# TAB C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**AUG 20 1998**

NANCY MAYER-WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

SPENCER WILLIAMS, AUBREY E. ROBINSON, )
JR.,C. CLYDE ATKINS, LOUIS C. BECHTLE, )
SANDRA S. BECKWITH, LUCIUS D. BUNTON, )
III, WILLIAM MATTHEW BYRNE, JR., ADRIAN )
G. DUPLANTIER, IRVING HILL, MORRIS E. )
LASKER, THOMAS COLLIER PLATT, JR., JOHN )
W. REYNOLDS, WALTER HERBERT RICE, )
MARVIN H. SHOOB, JOSEPH E. STEVENS, JR., )
JOSEPH L. TAURO, LAUGHLIN E. WATERS, LEE )
R. WEST, CHARLES WIGGINS, HENRY RUPERT )    No.97 CV 03106
WILHOIT, JR., on their own behalf and on behalf )
of all persons similarly situated, )

                 Plaintiffs, )    The Honorable
                        )    John Garrett Penn
    vs. )
                        )
THE UNITED STATES OF AMERICA, )
                        )
              Defendant. )

## ORDER CERTIFYING CLASS

This cause coming before the Court on Plaintiffs' Motion for Class Certification and the

Court, having reviewed the allegations of Plaintiffs' Complaint and the Defendants' Answer

thereto and the other stipulated and uncontested facts submitted in Plaintiffs' Statement of Material

Facts As To Which There Is No Genuine Issue, THE COURT FINDS AND ORDERS AS

FOLLOWS:

1. As to each count of the Complaint, the Class, which consists of more than one

thousand persons is so numerous that joinder of all members before the Court is impracticable.

2. There are questions of law or fact common to the Class in each count. Specifically,

each count seeks a declaration that certain public acts (described in paragraph 31 of each count)



which withheld cost-of-living adjustments due all judges under the Ethics Reform Act (Pub. L. 101-194, 103 Stat. 1716) are unconstitutional.

3. The claims of plaintiffs in each count of the Complaint are typical of the claims of the Class.

4. The plaintiffs, with their counsel, will fairly and adequately protect and represent the interests of the Class in each count of the Complaint and that the interests of the representative parties are co-extensive with those of the Class.

5. As to each count of the Complaint, the party opposing the Class (the United States) has acted and has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

ACCORDINGLY, the Court determines that each count of the Complaint may be maintained as a class action, pursuant to Rule 23(b)(2), Fed. R. Civ. Proc. The Class in each count is defined as follows:

> As to Count I:   All persons who served as Judges of the United States pursuant to Article III of the Constitution of the United States at any time during the period January 1 through December 31, 1995.

> As to Count II:   All persons who served as Judges of the United States pursuant to Article III of the Constitution of the United States at any time during the period January 1 through December 31, 1996.

> As to Count III:   All persons who served as Judges of the United States pursuant to Article III of the Constitution of the United States at any time during the period January 1 through December 31, 1997.

AUG 2 0 1998

ENTER: _____
                    District Judge

Order Proposed by Plaintiffs


<u>Attorneys for Plaintiffs</u>
Kevin M. Forde
Richard J. Prendergast
Janice R. Forde
111 West Washington Street, Suite 1100
Chicago, IL    60602
(312) 641-1441

<u>Local Counsel</u>
John S. Guttmann, Jr.
D.C. Bar #251934
Beveridge & Diamond, P.C.
1350 I Street, N.W., Suite 700
Washington, D.C.    20005-3311
(202) 789-6000

# TAB D

CLOSED, TYPE–E

## U.S. District Court
### District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:97–cv–03106–JGP

WILLIAMS, et al v. USA
Assigned to: Judge John Garrett Penn
Demand: $0
Cause: 28:1346 Recovery of IRS Tax

Date Filed: 12/29/1997
Date Terminated: 07/15/1999
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**SPENCER WILLIAMS**                     represented by     **Janice R. Forde**
                                                            111 West Washington Street
                                                            Suite 1100
                                                            Chicago , IL 60602
                                                            (312) 641–1441
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John Stephen Guttmann , Jr.**
                                                            BEVERIDGE &DIAMOND, PC
                                                            1350 I Street, NW
                                                            Suite 700
                                                            Washington , DC 20005
                                                            (202) 789–6020
                                                            Fax: (202) 789–6190
                                                            Email: jguttmann@bdlaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin M. Forde**
                                                            111 West Washington Street
                                                            Suite 1100
                                                            Chicago , IL 60602
                                                            (312) 641–1441
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Richard J. Prendergast**
                                                            111 West Washington Street
                                                            Suite 1100
                                                            Chicago , IL 60602
                                                            (312) 641–1441
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**AUBREY E. ROBINSON, JR.**              represented by     **Janice R. Forde**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John Stephen Guttmann , Jr.**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin M. Forde**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Richard J. Prendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

C. CLYDE ATKINS        represented by  **Janice R. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Stephen Guttmann , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin M. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J. Prendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

LOUIS C. BECHTLE        represented by  **Janice R. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Stephen Guttmann , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin M. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J. Prendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

SANDRA S. BECKWITH        represented by  **Janice R. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Stephen Guttmann , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin M. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                    **Richard J. Prendergast**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LUCIUS D. BUNTON, III**          represented by   **Janice R. Forde**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John Stephen Guttmann , Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kevin M. Forde**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Richard J. Prendergast**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIAM MATTHEW BYRNE, JR.**     represented by   **Janice R. Forde**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John Stephen Guttmann , Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kevin M. Forde**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Richard J. Prendergast**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADRIAN G. DUPLANTIER**           represented by   **Janice R. Forde**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John Stephen Guttmann , Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kevin M. Forde**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                          **Richard J. Prendergast**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**IRVING HILL**                   represented by   **Janice R. Forde**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **John Stephen Guttmann , Jr.**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Kevin M. Forde**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Richard J. Prendergast**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**MORRIS E. LASKER**              represented by   **Janice R. Forde**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **John Stephen Guttmann , Jr.**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Kevin M. Forde**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Richard J. Prendergast**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**THOMAS COLLIER PLATT, JR.**     represented by   **Janice R. Forde**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **John Stephen Guttmann , Jr.**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Kevin M. Forde**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                              **Richard J. Prendergast**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOHN W. REYNOLDS**                represented by   **Janice R. Forde**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **John Stephen Guttmann , Jr.**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Kevin M. Forde**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Richard J. Prendergast**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**WALTER HERBERT RICE**             represented by   **Janice R. Forde**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **John Stephen Guttmann , Jr.**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Kevin M. Forde**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Richard J. Prendergast**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**MARVIN H. SHOOB**                 represented by   **Janice R. Forde**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **John Stephen Guttmann , Jr.**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Kevin M. Forde**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

Richard J. Prendergast
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOSEPH E. STEVENS, JR.**          represented by   **Janice R. Forde**
*TERMINATED: 04/13/1999*                             (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Stephen Guttmann , Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kevin M. Forde**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Richard J. Prendergast**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOSEPH L. TAURO**                 represented by   **Janice R. Forde**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Stephen Guttmann , Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kevin M. Forde**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Richard J. Prendergast**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LAUGHLIN E. WATERS**              represented by   **Janice R. Forde**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Stephen Guttmann , Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kevin M. Forde**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

Richard J. Prendergast
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LEE R. WEST**                  represented by   **Janice R. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Stephen Guttmann , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin M. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J. Prendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHARLES WIGGINS**              represented by   **Janice R. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Stephen Guttmann , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin M. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J. Prendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**HENRY RUPERT WILHOIT, JR.**    represented by   **Janice R. Forde**
*on their own behalf and on behalf of all*                        (See above for address)
*persons similarly situated*                        *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Stephen Guttmann , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin M. Forde**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J. Prendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.
**Defendant**
**UNITED STATES OF AMERICA**                    represented by **Neil H. Koslowe**
                                                SHEARMAN AND STERLING LLP
                                                801 Pennsylvania Avenue, NW
                                                Suite 900
                                                Washington , DC 20004−2634
                                                (202) 508−8000
                                                Fax: (202) 508−8100
                                                Email: neil.koslowe@shearman.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**
**BOSTON BAR ASSOCIATION**                      represented by **Carter G. Phillips**
                                                SIDLEY AUSTIN LLP
                                                1501 K Street, NW
                                                Washington , DC 20005
                                                (202)736−8270
                                                Fax: (202) 736−8711
                                                Email: cphillips@sidley.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**
**CHICAGO BAR ASSOCIATION**                     represented by **Carter G. Phillips**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**
**ILLINOIS STATE BAR
ASSOCIATION**                                   represented by **Carter G. Phillips**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**
**LOS ANGELES COUNTY BAR
ASSOCIATION**                                   represented by **Carter G. Phillips**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**
**NEW YORK COUNTY LAWYERS
ASSOCIATION**                                   represented by **Carter G. Phillips**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**
**OHIO STATE BAR ASSOCIATION**                  represented by **Carter G. Phillips**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Amicus**

**PA BAR ASSOCIATION**                          represented by   **Carter G. Phillips**
*PHILADELPHIA BAR ASSOCIATION*                                  (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/1997 | 1 | COMPLAINT filed by plaintiff SPENCER WILLIAMS, plaintiff AUBREY E. ROBINSON JR., plaintiff C. CLYDE ATKINS, plaintiff LOUIS C. BECHTLE, plaintiff SANDRA S. BECKWITH, plaintiff LUCIUS D. BUNTON III, plaintiff WILLIAM MATTHEW BYRNE JR., plaintiff ADRIAN G. DUPLANTIER, plaintiff IRVING HILL, plaintiff MORRIS E. LASKER, plaintiff THOMAS COLLIER PLATT JR., plaintiff JOHN W. REYNOLDS, plaintiff WALTER HERBERT, plaintiff MARVIN H. SHOOB, plaintiff JOSEPH E. STEVENS JR., plaintiff JOSEPH L. TAURO, plaintiff LAUGHLIN E. WATERS, plaintiff LEE R. WEST, plaintiff CHARLES – WIGGINS, plaintiff HENRY RUPERT WILHOIT JR. (tth) (Entered: 01/05/1998) |
| 12/29/1997 | | SUMMONS (2) issued to federal party(s) federal defendant USA , and non–party: U.S. Attorney General. (tth) (Entered: 01/05/1998) |
| 12/29/1997 | 2 | MOTION filed by plaintiffs for leave to utilize their business addresses in lieu of residence addresses (tth) (Entered: 01/05/1998) |
| 12/31/1997 | 4 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed upon U.S. Attorney General on 12/30/97 (tth) (Entered: 01/05/1998) |
| 12/31/1997 | 5 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed upon U.S. Attorney on 12/30/97 (tth) (Entered: 01/05/1998) |
| 01/02/1998 | 3 | ORDER by Judge John G. Penn: granting motion for leave to utilize their business addresses in lieu of residence addresses [2–1] by plaintiff and it is FURTHER ORDERED that the Clerk of this Court shall accept the proffered complaint for filing (N) (kmk) (Entered: 01/05/1998) |
| 02/27/1998 | 6 | ANSWER TO COMPLAINT [1–1] by federal defendant USA . (st) (Entered: 03/03/1998) |
| 03/02/1998 | 7 | SUGGESTION by federal defendant USA of designation and temporary assignment of District Judge who took office on or after 1/1/98 to hear and decide this case (st) (Entered: 03/04/1998) |
| 03/04/1998 | 8 | SCHEDULING ORDER by Judge John G. Penn: status hearing set for 11:00 a.m. on 3/30/98; Meet Confer Statement due 3/20/98. . (N) (kmk) (Entered: 03/06/1998) |
| 03/10/1998 | 9 | MOTION (UNOPPOSED) filed by plaintiff for Kevin M. Forde, Richard J. Prendergast and Janice R. Forde to appear pro hac vice ( 111 West Washington Street, Suite 1100, Chicago, IL 60602, (312) 641–1441) (tth) (Entered: 03/11/1998) |
| 03/11/1998 | 10 | RESPONSE by plaintiffs to the Suggestion of Designation and Temporary Assignment of District Judge Who Took Office on or After January 1, 1998 [7–1] by USA (tth) (Entered: 03/12/1998) |
| 03/16/1998 | 11 | ORDER by Judge John G. Penn: granting motion for Kevin M. Forde, Richard J. Prendergast and Janice R. Forde to appear pro hac vice ( 111 West Washington Street, Suite 1100, Chicago, IL 60602, (312) 641–1441) [9–1] by plaintiff (N) (kmk) (Entered: 03/18/1998) |

| 03/16/1998 | 12 | ORDER by Judge John G. Penn: defendants' shall file its opposition and cross motions for summary judgment on or before 4/30/98 ; plaintiffs motion for summary judgment due 3/31/98 ; plaintiffs shall file their response to defendants motion for summary judgment and their reply in support of their motion for summary judgemnt on or before 5/21/98; defendant shall file its reply in support of its motion for summary judgment on or before 6/11/98 ; The Court will set a date for oral argument by a separate order. (N) (kmk) Modified on 03/24/1998 (Entered: 03/18/1998) |
|---|---|---|
| 03/31/1998 | 13 | MOTION filed by plaintiff for class determination (tth) (Entered: 04/01/1998) |
| 03/31/1998 | 14 | MOTION filed by plaintiffs for summary judgment (tth) (Entered: 04/01/1998) |
| 04/01/1998 | 15 | MOTION filed by plaintiff for leave to file their Memorandum in Support of Plaintiffs' Motion for Summary Judgment ; EXHIBIT (MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT) (tth) (Entered: 04/02/1998) |
| 04/03/1998 | 16 | ORDER (CONSENT) by Judge John G. Penn: granting motion for leave to file their Memorandum in Support of Plaintiffs' Motion for Summary Judgment [15−1] by plaintiff (N) (kmk) (Entered: 04/06/1998) |
| 04/03/1998 | 40 | MEMORANDUM by plaintiffs in support of motion for summary judgment [14−1] by plaintiff; exhibits (14) (tb) (Entered: 08/19/1998) |
| 04/30/1998 | 17 | MOTION (CONSENT) filed by federal defendant USA to alter briefing schedule (tth) (Entered: 05/01/1998) |
| 05/01/1998 | 22 | ORDER by Judge John G. Penn: granting motion to alter briefing schedule [17−1] by USA defendant shall file its opposition and cross motions for summary judgment due 5/15/98; plaintiffs shall file their response to defendants motion for summary judgment and their reply in support of their motion for summary judgment on or before 6/5/98; defendant shall file its reply in support of its motion in for summary judgment due 6/26/98 ; The Court will set a date for oral argument by a separate order. (N) (kmk) (Entered: 06/11/1998) |
| 05/12/1998 | 18 | ERRATA by plaintiffs to their Motion for Summary Judgment. (tth) (Entered: 05/13/1998) |
| 05/15/1998 | 19 | MOTION filed by federal defendant USA for summary judgment (tth) (Entered: 05/18/1998) |
| 05/15/1998 | 20 | RESPONSE by federal defendant USA in opposition to motion for summary judgment [14−1] by plaintiff . (tth) (Entered: 05/18/1998) |
| 06/05/1998 | 21 | MOTION (C0NSENT) filed by plaintiffs to alter briefing schedule (tb) (Entered: 06/09/1998) |
| 06/09/1998 | 23 | MEMORANDUM by plaintiffs in opposition to motion for summary judgment [14−1] by plaintiffs; exhibit (1) (tb) Modified on 08/14/1998 (Entered: 06/15/1998) |
| 06/09/1998 | 24 | REPLY by plaintiffs to motion for summary judgment [14−1] by plaintiffs (tb) Modified on 08/11/1998 (Entered: 06/15/1998) |
| 06/30/1998 | 25 | MOTION (CONSENT) filed by federal defendant USA to alter briefing schedule (tb) (Entered: 07/01/1998) |
| 07/02/1998 | 26 | ORDER by Judge John G. Penn: granting motion to alter briefing schedule [25−1] by USA ; reply in support of its motion for summary judgment due 7/10/98 ; (N) (kmk) (Entered: 07/02/1998) |
| 07/08/1998 | 27 | MOTION (CONSENT) filed for BOSTON BAR ASSOC, CHICAGO BAR ASSOC, IL STATE BAR ASSOC, LA CNTY BAR ASSOC, |

| | | |
|---|---|---|
| | | NY CNTY LAWYERS ASSO, OH STATE BAR ASSOC, PA BAR ASSOCIATION to file amicus brief ; EXHIBIT (AMICUS CURIAE BRIEF) (tb) (Entered: 07/09/1998) |
| 07/09/1998 | 28 | ORDER by Judge John G. Penn : granting motion for BOSTON BAR ASSOC, CHICAGO BAR ASSOC, IL STATE BAR ASSOC, LA CNTY BAR ASSOC, NY CNTY LAWYERS ASSO, OH STATE BAR ASSOC, PA BAR ASSOCIATION to file amicus brief [27−1] (N) (pob) (Entered: 07/09/1998) |
| 07/09/1998 | 30 | AMICUS BRIEF filed by amicus supporting plaintiff's motion for summary judgment. (tb) (Entered: 07/16/1998) |
| 07/10/1998 | 29 | MOTION (CONSENT) filed by federal defendant USA to alter briefing schedule (tb) Modified on 07/24/1998 (Entered: 07/13/1998) |
| 07/17/1998 | 31 | ORDER by Judge John G. Penn: The Court will hear oral argument on cross−motions for summary judgment, hearing set for 10:00 a.m. on 8/20/98 ; (N) (kmk) (Entered: 07/17/1998) |
| 07/17/1998 | 32 | ORDER by Judge John G. Penn: granting motion to alter briefing scheduled [29−1] by USA and it is FURTHER ORDERED that defendant shall file a consolidated reply in support of its motion for summary judgment and in response to the tendered brief of the amici curiae on or before 7/27/98 (N) (kmk) (Entered: 07/21/1998) |
| 07/27/1998 | 33 | MOTION (CONSENT) filed by federal defendant USA to extend time to 7/31/98 to file a consolidated reply brief in support of its motion for summary judgment and in response to the brief of the amici curiae (tb) (Entered: 07/28/1998) |
| 07/28/1998 | 34 | ORDER by Judge John G. Penn: granting motion to extend time to 7/31/98 to file a consolidated reply brief in support of its motion for summary judgment and in response to the brief of the amici curiae [33−1] by USA; reply to motion for summary judgment due by 7/31/98 ; (N) (kmk) (Entered: 07/28/1998) |
| 07/31/1998 | 37 | REPLY by federal defendant USA to motion for summary judgment [19−1] by USA (tb) (Entered: 08/14/1998) |
| 07/31/1998 | 38 | RESPONSE (OPPOSITIONS) by federal defendant USA to brief [30−1] by BOSTON BAR ASSN, motion for summary judgment [14−1] by plaintiff (tb) (Entered: 08/14/1998) |
| 08/03/1998 | 35 | MOTION filed by federal defendant USA for leave to file corrected version of reply memorandum ; EXHIBIT (REPLY MEMORANDUM) (tb) (Entered: 08/04/1998) |
| 08/12/1998 | 36 | MOTION (CONSENT) filed by plaintiffs to amend complaint [1−1] by plaintiff (tb) Modified on 08/14/1998 (Entered: 08/14/1998) |
| 08/17/1998 | 39 | ORDER by Judge John G. Penn: granting motion to amend complaint [1−1] by plaintiff [36−1] by plaintiff (N) (kmk) (Entered: 08/17/1998) |
| 08/20/1998 | | MOTION HEARING before Judge John G. Penn: Heard and taken under advisement by USA motion for summary judgment [19−1], under advisement by plaintiff motion for summary judgment [14−1] Reporter: Kay Moomey (kmk) (Entered: 08/20/1998) |
| 08/20/1998 | 41 | ORDER by Judge John G. Penn: granting motion for class determination [13−1] by plaintiff. Accordingly, the Court determines that each count of the complaint may be maintained as class action, pursuant to rule 23(b)(2), Fed. R. Civ. Proc. The Class in each count is defined. (see order for details) (N) (kmk) (Entered: 08/24/1998) |
| 09/14/1998 | 42 | TRANSCRIPT filed for date(s) of 08/20/98. Reporter: Katherine K. Moomey (tb) (Entered: 09/15/1998) |

| 02/09/1999 | 43 | MOTION (CONSENT) filed by plaintiffs to amend complaint [1–1] (tth) (Entered: 02/10/1999) |
|---|---|---|
| 03/31/1999 | 44 | ORDER by Judge John G. Penn: granting motion to amend complaint [1–1] [43–1] by plaintiffs, granting motion for leave to file corrected version of memorandum [35–1] by USA, granting motion to alter briefing schedule [21–1] by plaintiffs. (N) (kmk) (Entered: 04/01/1999) |
| 04/13/1999 | 45 | ORDER by Judge John G. Penn: granting motion to amend complaint [1–1] [43–1] by plaintiffs and leave it granted plaintiffs to amend the complaint by removing JUDGE JOSEPH E. STEVENS, JR., as a party plaintiff in this action due to his death on 12/18/89; Leave is granted plaintiffs to amend the complaint by adding "and 28 USC 1331" at the end of the first sentence of paragraph 1. (N) (kmk) (Entered: 04/15/1999) |
| 07/15/1999 | 46 | MEMORANDUM OPINION by Judge John G. Penn (N) (kmk) (Entered: 07/15/1999) |
| 07/15/1999 | 47 | ORDER by Judge John G. Penn: denying with prejudice the motion for summary judgment [19–1] by USA, granting motion for summary [14–1] by plaintiffs' and that judgment will be entered in favor of the plaintiffs and the members of their class , and it is FURTHER ORDERED that the plaintiffs and members of their class shall receive Employment Cost Index Adjustments pursuant to the Ethics Reform Act of 1989, for the years 1995, 1996, and 1997, together with all other benefits which should have accrued to them based upon those adjustments, and that such ECI adjustments shall be paid to the plaintiffs and the members of their class in the future years pursuant to the Ethics Reform Act of 1989 , and that the defendant shall take appropriate action to calculate the amount due the plaintiffs and the members of their class pursuant to and consistent with the opinion and this order in accordance with the schedule to be set in a following Order, and it is FURTHER ORDERED that this order is the final and appealable order of the Court. (N) (kmk) (Entered: 07/15/1999) |
| 07/15/1999 | 48 | JUDGMENT by Judge John G. Penn in favor of plaintiff SPENCER WILLIAMS, plaintiff AUBREY E. ROBINSON JR., plaintiff C. CLYDE ATKINS, plaintiff LOUIS C. BECHTLE, plaintiff SANDRA S. BECKWITH, plaintiff LUCIUS D. BUNTON III, plaintiff WILLIAM MATTHEW BYRNE JR., plaintiff ADRIAN G. DUPLANTIER, plaintiff IRVING HILL, plaintiff MORRIS E. LASKER, plaintiff THOMAS COLLIER PLATT JR., plaintiff JOHN W. REYNOLDS, plaintiff WALTER HERBERT RICE, plaintiff MARVIN H. SHOOB, plaintiff JOSEPH E. STEVENS JR., plaintiff JOSEPH L. TAURO, plaintiff LAUGHLIN E. WATERS, plaintiff LEE R. WEST, plaintiff CHARLES WIGGINS, plaintiff HENRY RUPERT WILHOIT JR., and others similarly situated against federal defendant USA (kmk) Modified on 07/16/1999 (Entered: 07/15/1999) |
| 07/27/1999 | 49 | ORDER by Judge John G. Penn: that the Opinion filed on 7/15/99, is corrected as follows: 1) Page 21, line 6; "infra" is replaced by "supra". 2) Page 23, Part IV, line 4; "act" is replaced by "Act." 3) The attached copy of the Opinion filed on 7/15/99 contains the above corrections and shall be filed together with this order. (N) (kmk) (Entered: 07/27/1999) |
| 09/10/1999 | 50 | NOTICE OF APPEAL SENT TO FEDERAL CIRCUIT COURT filed by federal defendant USA from judgment order [48–1], order that judgment will be entered in favor of the plaintiffs and the members of their class [47–1], order that the plaintiffs and members of their class shall receive Employment Cost Index Adjustments pursuant to the Ethics Reform Act of 1989, for the years 1995, 1996, and 1997, together with all other benefits which should have accrued to them based upon those adjustments, [47–2], order that such ECI adjustments shall be paid to the plaintiffs and the members of their |

| | | class in the future years pursuant to the Ethics Reform Act of 1989 [47–3], order that the defendant shall take appropriate action to calculate the amount due the plaintiffs and the members of their class pursuant to and consistent with the opinion and this order in accordance with the schedule to be set in a following Order, and it is FURTHER ORDERED that this order is the final and appealable order of the Court. [47–4], order [47–5] , entered on: 7/15/99. GVT appeal no fees paid. Copies were sent out to John Guttmann, Kevin Forde, Richard Prendergast, janice Forde, Neil Koslowe and Carter Phillips. (bjsp) Modified on 09/17/1999 (Entered: 09/13/1999) |
|---|---|---|
| 09/13/1999 | | TRANSMITTED PRELIMINARY RECORD on appeal [50–1] by USA to U.S. Court of Appeals FOR THE FEDERAL CIRCUIT. (bjsp) Modified on 09/17/1999 (Entered: 09/13/1999) |
| 09/24/1999 | | USCA # for the Federal Circuit 99–1572 assigned for appeal [50–1] by USA (cjp) (Entered: 10/04/1999) |
| 09/29/1999 | 51 | JOINT SUBMISSION filed by plaintiffs and federal defendants regarding: the calculation of amount due plaintiffs and the class. (tth) (Entered: 09/30/1999) |
| 09/30/1999 | 52 | MEMORANDUM by plaintiffs in support of their entitlement to award of prejudgment interest. (tth) (Entered: 10/05/1999) |
| 10/29/1999 | 54 | RESPONSE by federal defendant USA in opposition to memorandum in support of plaintiffs' entitlement to an Award of prejudgment interest [52–1] by plaintiffs. (tth) (Entered: 11/03/1999) |
| 11/01/1999 | 53 | ERRATA by federal defendant USA correction to opposition to memorandum in support of plaintiffs' entitilement to an award of prejudgment interest. (tw) (Entered: 11/03/1999) |
| 11/05/1999 | 55 | REPLY MEMORANDUM by plaintiffs in support of their entitlement to an award of prejudgment interest (bjsp) (Entered: 11/08/1999) |
| 12/29/1999 | 56 | ORDER by Judge John G. Penn: that the judgment entered in favor of the plaintiffs and the class shall include prejudgment interest, compounded annually using the 52–week Treasury bill rate. (N) (kmk) (Entered: 12/29/1999) |
| 01/12/2000 | 57 | MEMORANDUM OPINION by Judge John G. Penn (N) (kmk) (Entered: 01/13/2000) |
| 02/23/2000 | 59 | NOTICE OF APPEAL by federal defendant USA to the United States Court of Appeals for the Federal Circuit from order that the judgment entered in favor of the plaintiffs and the class shall include prejudgment interest, compounded annually using the 52–week Treasury bill rate. [56–1], order [56–2] , memorandum opinion [57–1], entered on: 12/29/99 and 01/13/00; GOVT–NO FEES PAID, copies mailed to John S. Guttmann, Jr., Kevin M. Forde, Richard J. Prendergast, Janice R. Forder, Neil H. Koslowe, Carter G. Phillips (tb) Modified on 02/29/2000 (Entered: 02/26/2000) |
| 02/26/2000 | | TRANSMITTED PRELIMINARY RECORD on appeal [59–1] by USA to U.S. Court of Appeals for the Federal Circuit (tb) Modified on 02/29/2000 (Entered: 02/26/2000) |
| 03/22/2000 | | USCA for the Federal Circuit #00–1254 assigned for appeal [59–1] by USA (cjp) (Entered: 03/24/2000) |
| 02/20/2001 | 60 | ENTERED IN ERROR –––FYI COPY ONLY ––––CERTIFIED COPY of judgment filed in USCA for the Federal Circuit dated 2/16/01, on appeal [59–1], appeal [50–1] , reversed and remanded OPINION USCA for the Federal Circuit # 99–1572, 00–1254, 00–1255 (cjp) Modified on 05/16/2001 (Entered: 02/21/2001) |

| 05/08/2001 | 61 | CERTIFIED COPY of judgment filed in USCA for the Federal Circuit dated 2/16/01, on appeal [59−1] , reversing the judgment of USDC , and remanding for further proceedings. OPINION USCA # for the Federal Circuit # 99−1572 (cjp) (Entered: 05/09/2001) |
| --- | --- | --- |
| 06/08/2001 | 62 | MOTION filed by plaintiff to stay proceedings until the United States Supreme Court rules on their petition for a writ of certiorari. (jf) Modified on 02/22/2002 (Entered: 06/11/2001) |
| 06/11/2001 | 63 | MOTION filed by plaintiffs to stay proceedings of this action until the United States Supreme Court has ruled upon their petition for writ of certiorari. (cas) Modified on 02/22/2002 (Entered: 06/14/2001) |
| 07/24/2001 | 64 | ORDER by Judge John G. Penn: granting motion to stay proceedings of this action [63−1] by plaintiffs and that the palintiffs' motion to stay proceedings until the United States Supreme Court has ruled on the petition for a writ of certiorari is granted, nunc pro tunc. (N) (kmk) (Entered: 07/26/2001) |